UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE RAY-LYNN HORN, CDCR #AX-3772,<br><br>                                    Plaintiff,<br><br>vs.<br><br>DELATORI, Correctional Officer,<br><br>                                   Defendant. | Case No.: 25cv2404-BEN (KSC)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, and**<br><br>**(2) DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

Plaintiff Jessi Ray-Lynn Horn, a state prisoner proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983 along with a Motion to proceed in forma pauperis ("IFP"). (ECF Nos. 1-2.)

**I.     Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55,

although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1)&(4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1)&(2); *Bruce*, 577 U.S. at 84.

Plaintiff's prison certificate shows an average monthly balance of $290.95 and average monthly deposits of $212.84 for the 6-months preceding the filing of this action, and an available balance of $104.88. (ECF No. 3 at 3.) The Court **GRANTS** Plaintiff's motion to proceed IFP and assesses an initial partial filing fee of $58.19. Plaintiff remains obligated to pay the $291.81 balance of the fee in monthly installments. *Bruce*, 577 U.S. at 84; 28 U.S.C. § 1915(b)(1)&(2).

**II.     Screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

**A.     Standard of Review**

Because Plaintiff is a prisoner proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C.

§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (internal quote marks omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks omitted).

B.     **Allegations in the Complaint**

Plaintiff alleges that on August 20, 2024, he was resting his foot on a railing while tying his boot after having removed it to go through a metal detector, when Defendant

Correctional Officer Delatori instructed him to tie his shoe behind the red out of bounds line. (ECF No. 1 at 3.) "Before I could respond or I guess respond fast enough for c/o Delatori he yelled 'now' then very violently, aggressively, and forcefully pushed or slapped my foot off the rail I had it on while tying my boot." (*Id*.) Plaintiff walked with a limp all day, and a medical examination the next day revealed slight swelling which was treated with a bandage wrap. (*Id*.) He states that he has suffered anxiety and depression because "my inmate peers have said and acted as if they can say as well as do anything to me [because] I didn't respond to c/o Delatori with any violence." (*Id*.)

### C. Analysis

The Eighth Amendment forbids prison officials from "the unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). It "places restraints on prison officials, who may not, for example, use excessive physical force against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Nevertheless, "prison officials are authorized and indeed required to take appropriate measures to maintain prison order and discipline and protect staff and other prisoners." *LeMaire v. Maas*, 12 F.3d 1444, 1458 (9th Cir. 1993). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), quoting *Whitley*, 475 U.S. at 327.

Plaintiff does not allege he suffered a substantial injury. Although Plaintiff claims there is no need for him to show a serious injury (*see* ECF No. 1 at 3), the lack of injury is relevant to the inquiry. *See Whitley*, 475 U.S. at 321 (noting that the extent of the injury suffered by an inmate is one factor that may suggest "whether the use of force could plausibly have been thought necessary" in the situation, "or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur.") Plaintiff correctly observes that "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident. Otherwise, the Eighth

Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Hudson*, 503 U.S. at 9. However, "[n]ot every malevolent touch by a prison guard gives rise to a federal cause of action," and "[a]n inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010), quoting *McMillian*, 503 U.S. at 9; *see also Graham v. Connor*, 490 U.S. 386, 396 (1989) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the [federal Constitution]."); *Whitley*, 475 U.S. at 321-22 ("Prison officials are entitled to deference whether a prisoner challenges excessive force or conditions of confinement."); *Simmons v. G. Arnett*, 47 F.4th 927, 933 (9th Cir. 2022) ("prison officials should be accorded 'wide-ranging deference' when they are exercising their judgment to maintain prison safety," because "[i]n the specialized context of prison operations, the use of force can be a 'legitimate means for preventing small disturbances from becoming dangerous to other inmates or the prison personnel'") (citations omitted).

Defendant is alleged to have "forcefully pushed or slapped [Plaintiff's] foot off the rail I had it on while tying my boot" after telling Plaintiff he was in an unauthorized area, causing slight swelling of his foot. (ECF No. 1 at 3.) These allegations fail to plausibly allege Defendant applied force maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. *Wilkins*, 559 U.S. at 38; *McMillian*, 503 U.S. at 9; *see also Iqbal,* 556 U.S. at 678 (noting that a complaint is subject to dismissal for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.")

The Complaint is dismissed under 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### D.    Leave to Amend

In light of Plaintiff's pro se status, the Court grants leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro

se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### III. Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP. (ECF No. 5.)

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $58.19 initial partial filing fee and to collect the $291.81 balance of the $350 filing fee by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

4. **DISMISSES** the Complaint without prejudice and with leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

5. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an amended complaint which cures the deficiencies of pleading noted in this Order. Plaintiff's First Amended Complaint must be complete by itself without reference to his original Complaint. Defendants not named and any claims not re-alleged in the First Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.") A failure to amend will result in dismissal of this action for failure to state a claim and failure to prosecute. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does

1  not take advantage of the opportunity to fix his complaint, a district court may convert the
2  dismissal of the complaint into dismissal of the entire action.")

3  **IT IS SO ORDERED.**

4  Dated: October 2, 2025

_____
Hon. Roger T. Benitez
United States District Court