UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JESSIE RAY-LYNN HORN,

Plaintiff,

v.

MARIO DE LA TORRE, *Correctional Officer*,

Defendant.

Case No. 25-cv-2404-BAS-GC

**ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)**

Plaintiff Jessie Ray-Lynn Horn is a state prisoner proceeding *pro se* and *in forma pauperis* with a First Amended Complaint ("FAC") filed pursuant to 42 U.S.C. § 1983. (ECF No. 8.)

**I.     Screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

    **A.     Standard of Review**

Because Plaintiff is a prisoner proceeding IFP, his FAC requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C.

1

§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (internal quotation marks omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id*.

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks omitted).

**B.    Allegations in the FAC**

Plaintiff alleges in the FAC, as he did in the original Complaint, that on August 20, 2024, he was resting his foot on a railing while tying his boot after having removed it to go through a metal detector, when Defendant Correctional Officer De La Torre instructed him

25cv2404

to tie his shoe behind the red out of bounds line. (ECF No. 8 at 3.) "Before I could even react to his request or react fast enough for c/o De La Torre he yelled 'now'! Then very violently, aggressively, and forcefully slapped my foot off the rail I had it on while tying my boots back up." (*Id*.) Plaintiff states that his "foot swelled up for up to ten days making it hard for me to do just normal everyday activity. I even went and got an x-ray due to the pain and swelling." (*Id*.) Plaintiff alleges that De La Torre's act was designed to frighten and degrade him, that it "put a huge target on my back" because "all the inmates treat me like I don't matter or make a difference on the yard," and although he "escape[d] without serious injury," he has experienced "severe mental and emotional issues." (*Id*. at 4–5.)

### C. Analysis

The Eighth Amendment forbids prison officials from "the unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). It "places restraints on prison officials, who may not, for example, use excessive physical force against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Nevertheless, "prison officials are authorized and indeed required to take appropriate measures to maintain prison order and discipline and protect staff and other prisoners." *LeMaire v. Maas*, 12 F.3d 1444, 1458 (9th Cir. 1993). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), quoting *Whitley*, 475 U.S. at 327.

Plaintiff "admit[s] to just minor physical injury," but argues there is no need to show a serious injury for an Eighth Amendment violation. (ECF No. 8 at 4–5.) Plaintiff is correct that "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Hudson*, 503 U.S. at 9. Nevertheless, the extent of injury is relevant to the inquiry. *See Whitley*, 475 U.S. at 321 (noting that the extent of the injury suffered by an inmate is one

factor that may suggest "whether the use of force could plausibly have been thought necessary" in the situation, "or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur"). However, "[n]ot every malevolent touch by a prison guard gives rise to a federal cause of action," and "[a]n inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010), quoting *Hudson*, 503 U.S. at 9 ("The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.") (quotation marks omitted); *Whitley*, 475 U.S. at 321–22 ("Prison officials are entitled to deference whether a prisoner challenges excessive force or conditions of confinement."); *Simmons v. G. Arnett*, 47 F.4th 927, 933 (9th Cir. 2022) ("[P]rison officials should be accorded 'wide-ranging deference' when they are exercising their judgment to maintain prison safety," because "[i]n the specialized context of prison operations, the use of force can be a 'legitimate means for preventing small disturbances from becoming dangerous to other inmates or the prison personnel.'") (citations omitted).

Defendant is alleged to have forcefully slapped Plaintiff's foot off the rail he was using to tie his boot after telling Plaintiff he was required to do so in an authorized area, causing swelling of his foot for up to ten days. (ECF No. 8 at 3–4.) Although Plaintiff indicates he subjectively perceived Defendant's action as malicious and sadistic (*see id*. at 3–5), he has once again failed to plausibly allege the objective component of an Eighth Amendment violation by showing the force used was objectively harmful enough to establish it was applied maliciously and sadistically to cause harm. *See Farmer*, 511 U.S. at 834 (noting that the Eighth Amendment standard requires proof the alleged wrongdoing was *objectively* "harmful enough" to establish a constitutional violation *and* that the prison official acted with a sufficiently culpable state of mind); *Hudson*, 503 U.S. at 8 ("[C]ourts considering a prisoner's [Eighth Amendment] claim must ask both if 'the officials act(ed)

25cv2404

with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation."), quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) ("[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation."); *Anthony v. Schackmann*, 402 Fed.Appx. 207, 208 (9th Cir. 2010) (discussing that a single unprovoked slap by correctional officer on prisoner constituted *de minimis* force which did not violate the Eighth Amendment); *Iqbal,* 556 U.S. at 678 (noting that a complaint is subject to dismissal for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face").

The FAC is dismissed under 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121. Because it is now clear Plaintiff is unable to state a 42 U.S.C. § 1983 claim, the dismissal is without further leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing futility of amendment as a proper basis for dismissal without leave to amend).

## II.    Conclusion

Upon review, the Court **DISMISSES** the First Amended Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) without leave to amend. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: April 28, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

25cv2404